Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
CRUZ SANCHEZ VALLADARES, ALEX ALFARO SEBEDA,
CESAR DANILO MARTINEZ, DELMER JOEL GUIFARRO,
ISMAEL MATUTE and JOSE RAMIREZ SANCHEZ,
individually and on behalf of all others similarly situated,

                                Plaintiff,

       -against-

CROSSCITY INSPECTION SERVICES, INC., HUGE
CONSTRUCTION LLC. and MEIQIAO LLC. and WEIHONG
HU, as an individual,

                                Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION/CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **CRUZ SANCHEZ VALLADARES, ALEX ALFARO SEBEDA, CESAR DANILO MARTINEZ, DELMER JOEL GUIFARRO, ISMAEL MATUTE and JOSE RAMIREZ SANCHEZ, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

                                **PRELIMINARY STATEMENT**

2. Plaintiffs, **CRUZ SANCHEZ VALLADARES, ALEX ALFARO SEBEDA, CESAR DANILO MARTINEZ, DELMER JOEL GUIFARRO, ISMAEL MATUTE and JOSE RAMIREZ SANCHEZ, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC. and WEIHONG HU, as an individual, (Hereinafter referred to as "Defendants"),

to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment CROSSCITY INSPECTION SERVICES, INC. and HUGE CONSTRUCTION LLC. and MEIQIAO LLC. and WEIHONG HU, located at 61-27 186th Street Fresh Meadows, NY 11365.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff CRUZ SANCHEZ VALLADARES, residing in Brooklyn, NY, was employed from in or around March 2019 until in or around March 2021 by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC. located at 61-27 186th Street Fresh Meadows, NY 11365.

9. Plaintiff ALEX ALFARO SEBEDA, residing in Candler, NC, was employed from in or around January 2020 until in or around March 2021 by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC. located at 61-27 186th Street Fresh Meadows, NY 11365.

10. Plaintiff CESAR DANILO MARTINEZ, residing in Brentwood, NY was employed from in or around November 2019 until in or around July 2020 and from in or around December 2020 until in or around March 2021 by Defendants at CROSSCITY

INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC. located at 61-27 186th Street Fresh Meadows, NY 11365.

11. Plaintiff, DELMER JOEL GUIFARRO, residing in Brentwood, NY, was employed from in or around November 2019 until in or around July 2020 by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC. located at 61-27 186th Street Fresh Meadows, NY 11365.

12. Plaintiff, ISMAEL MATUTE, residing in Brooklyn, NY, was employed from in or around July 2019 until in or around August 2020 by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC. located at 61-27 186th Street Fresh Meadows, NY 11365.

13. Plaintiff, JOSE RAMIREZ SANCHEZ, residing in Brooklyn, NY, was employed from in or around November 2019 until in or around March 2021 by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC. located at 61-27 186th Street Fresh Meadows, NY 11365.

14. Defendant, CROSSCITY INSPECTION SERVICES, INC. is a corporation organized under the laws of New York with a principal executive office at 11 Broadway Suite 615 New York, NY 10004.

15. Defendant, CROSSCITY INSPECTION SERVICES, INC. is a corporation authorized to do business under the laws of New York.

16. Defendant, HUGE CONSTRUCTION LLC. is a corporation organized under the laws of New York with a principal executive office at 61-27 186th Street Fresh Meadows, NY 11365.

17. Defendant, HUGE CONSTRUCTION LLC. is a corporation authorized to do business under the laws of New York.

18. Defendant, MEIQIAO LLC. is a corporation organized under the laws of New York with a principal executive office at 61-27 186th Street Fresh Meadows, NY 11365.

19. Defendant, MEIQIAO LLC. is a corporation authorized to do business under the laws of New York.

20. Upon information and belief, Defendant WEIHONG HU, owns and operates CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC.

21. Defendant WEIHONG HU is an agent of CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC.

22. Upon information and belief, Defendant WEIHONG HU has power over personnel decisions at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC.

23. Upon information and belief, Defendant WEIHONG HU has power over payroll decisions at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC.

24. Defendant WEIHONG HU has the power to hire and fire employees at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., establish and pay their wages, set their work schedule, and maintains their employment records.

25. During all relevant times herein, Defendant WEIHONG HU, was Plaintiff's employer within the meaning of the FLSA and NYLL.

26. On information and belief, CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
## CRUZ SANCHEZ VALLADARES

27. Plaintiff CRUZ SANCHEZ VALLADARES was employed by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., from in or around March 2019 until in or around March 2021.

28. During Plaintiff CRUZ SANCHEZ VALLADARES'S employment by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., Plaintiff's primary duties were as a cement mason, concrete worker, performing other miscellaneous duties.

29. During the relevant statutory period, Plaintiff CRUZ SANCHEZ VALLADARES was paid by Defendants:
    i. approximately $25.00 per hour from in or around March 2019 until in or around December 2019.
    ii. approximately $30.00 per hour from in or around January 2020 until in or around March 2021.
30. During the relevant statutory period, Plaintiff CRUZ SANCHEZ VALLADARES worked approximately fifty-eight and a half (58.5) hours or more hours per week at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC.
31. Although Plaintiff PEDRO SALOMON worked approximately fifty-eight and a half (58.5) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## ALEX ALFARO SEBEDA

32. Plaintiff ALEX ALFARO SEBEDA was employed by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., from in or around January 2020 until in or around March 2021.
33. During Plaintiff ALEX ALFARO SEBEDA'S employment by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., Plaintiff's primary duties were as a laborer, performing other miscellaneous duties.
34. During the relevant statutory period, Plaintiff ALEX ALFARO SEBEDA was paid by Defendants:
    i. approximately $20.00 per hour from in or around January 2020 until in or around March 2021.
35. During the relevant statutory period, Plaintiff ALEX ALFARO SEBEDA worked approximately fifty-eight and a half (58.5) hours or more hours per week at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC.

36. Although Plaintiff ALEX ALFARO SEBEDA worked approximately fifty-eight and a half (58.5) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### CESAR DANILO MARTINEZ

37. Plaintiff CESAR DANILO MARTINEZ was employed by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., from in or around November 2019 until in or around July 2020 and from in or around December 2020 until in or around March 2021.

38. During Plaintiff CESAR DANILO MARTINEZ'S employment by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., Plaintiff's primary duties were as a laborer, performing other miscellaneous duties.

39. During the relevant statutory period, Plaintiff CESAR DANILO MARTINEZ was paid by Defendants:

   i. approximately $20.00 per hour from in or around November 2019 until in or around July 2020 and from in or around December 2020 until in or around March 2021.

40. During the relevant statutory period, Plaintiff CESAR DANILO MARTINEZ worked approximately fifty-eight and a half (58.5) hours or more hours per week at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC.

41. Although Plaintiff CESAR DANILO MARTINEZ worked approximately fifty-eight and a half (58.5) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### DELMER JOEL GUIFARRO

42. Plaintiff DELMER JOEL GUIFARRO was employed by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., from in or around November 2019 until in or around July 2020.

6

43. During Plaintiff DELMER JOEL GUIFARRO'S employment by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., Plaintiff's primary duties were as a carpenter, performing other miscellaneous duties.

44. During the relevant statutory period, Plaintiff DELMER JOEL GUIFARRO was paid by Defendants:
    i. approximately $30.00 per hour from in or around November 2019 until in or around July 2020.

45. During the relevant statutory period, Plaintiff DELMER JOEL GUIFARRO worked approximately fifty-eight and a half (58.5) hours or more hours per week at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC.

46. Although Plaintiff DELMER JOEL GUIFARRO worked approximately fifty-eight and a half (58.5) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**ISMAEL MATUTE**

47. Plaintiff ISMAEL MATUTE was employed by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., from in or around July 2019 until in or around August 2020.

48. During Plaintiff ISMAEL MATUTE'S employment by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., Plaintiff's primary duties were as a laborer, performing other miscellaneous duties.

49. During the relevant statutory period, Plaintiff ISMAEL MATUTE was paid by Defendants:
    i. approximately $20.00 per hour from in or around July 2019 until in or around December 2019.
    ii. approximately $25.00 per hour from in or around January 2020 until in or around August 2020.

50. During the relevant statutory period, Plaintiff ISMAEL MATUTE worked approximately fifty-eight and a half (58.5) hours or more hours per week at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC.

51. Although Plaintiff ISMAEL MATUTE worked approximately fifty-eight and a half (58.5) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### JOSE RAMIREZ SANCHEZ

52. Plaintiff JOSE RAMIREZ SANCHEZ was employed by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., from in or around November 2019 until in or around March 2021.

53. During Plaintiff JOSE RAMIREZ SANCHEZ'S employment by Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., Plaintiff's primary duties were as a laborer, performing other miscellaneous duties.

54. During the relevant statutory period, Plaintiff JOSE RAMIREZ SANCHEZ was paid by Defendants:

    i. approximately $30.00 per hour from in or around November 2019 until in or around March 2021.

55. During the relevant statutory period, Plaintiff JOSE RAMIREZ SANCHEZ worked approximately fifty-eight and a half (58.5) hours or more hours per week at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC.

56. Although Plaintiff ISMAEL MATUTE worked approximately fifty-eight and a half (58.5) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## FACTUAL ALLEGATIONS AS TO ALL PLAINTIFFS

57. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

58. Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

59. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

60. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

61. Collective Class: All persons who are or have been employed by the Defendants as cement masons, laborers, concrete workers, carpenters or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

62. Upon information and belief, Defendants employed at least 100 employees within the relevant time-period who were subjected to similar payment structures.

63. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

64. Defendants' unlawful conduct has been widespread, repeated, and consistent.

65. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

66. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

67. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
68. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
69. The claims of Plaintiff are typical of the claims of the putative class.
70. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
71. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

72. Plaintiffs sue on their own behalves and as the class representative (hereinafter referred to as the "New York Class Representative") and bring the Second and Fourth Causes of Action on their own behalves and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

    All laborers, construction workers, carpenters, cement masons or other similarly titled personnel who are currently or have been employed by the Defendants at CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC., located at 61-27 186th Street Fresh Meadows, NY 11365 and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

73. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the

Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

74. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

   b. Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

   c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;

   d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

   e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

   f. Whether Defendants should be enjoined from such violations in the future.

75. The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

76. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

77. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages and minimum wages.

Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

78. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

79. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

The New York Class Representatives intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

82. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

83. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of
29 U.S.C. §§206(a) and 207(a).

84. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

85. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

86. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

87. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

89. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

90. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

91. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

93. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

94. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

96. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 11th day of August, 2021

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CRUZ SANCHEZ VALLADARES, ALEX ALFARO SEBEDA, CESAR DANILO MARTINEZ, DELMER JOEL GUIFARRO, ISMAEL MATUTE and JOSE RAMIREZ SANCHEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC. and WEIHONG HU, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**CROSSCITY INSPECTION SERVICES, INC.**
**11 Broadway Ste 615**
**New York, NY 10004**

**HUGE CONSTRUCTION LLC.**
**61-27 186th Street**
**Fresh Meadows, NY 11365**

**MEIQIAO LLC.**
**61-27 186th Street**
**Fresh Meadows, NY 11365**

**WEIHONG HU**
**61-27 186th Street**
**Fresh Meadows, NY 11365**