**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X

CRUZ SANCHEZ VALLADARES, ALEX ALF ARO SEBEDA, CESAR DANILO MARTINEZ, DELMER JOEL GUIF ARRO, ISMAEL MATUTE and JOSE RAMIREZ SANCHEZ, individually and on behalf of all others similarly situated,

*Plaintiff(s),*

-against-

CROSSCITY INSPECTION SERVICES, INC., HUGE CONSTRUCTION LLC. and MEIQIAO LLC. and WEIHONG HU, as an individual,

*Defendant(s).*

----------------------------------------------------------------------X

1:21-cv-04511-AMD-TAM

**ANSWER**

Corporate Defendants Crosscity Inspection Services, Inc. ("Crosscity"), Huge Construction LLC. ("Huge"), and Meiqiao LLC. ("Meiqiao") (collectively referred to as the "Corporate Defendants"), and individual Defendant Weihong Hu ("Hu"), by and through their attorneys, KEVIN KERVENG TUNG, P.C., by way of Answer to Plaintiffs' Complaint ("Complaint"), alleges as follows:

1. Defendants deny each and every allegation contained in Paragraph 1 of the Complaint as they are plaintiffs' statements to which no response is required.

**IN ANSWER TO PRELIMINARY STATEMENT**

2. Defendants deny each and every allegation contained Paragraph 2 of the Complaint and as they are plaintiffs' requests to which no response is required.

3. Defendants deny each and every allegation contained Paragraph 3 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

**IN ANSWER TO JURISDICTION AND VENUE**

4. Defendants deny each and every allegation contained Paragraph 4 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

5. Defendants deny each and every allegation contained Paragraph 5 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

6. Defendants deny each and every allegation contained Paragraph 6 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

7. Defendants deny each and every allegation contained Paragraph 7 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

## IN ANSWER TO THE PARTIES

8. Defendants deny each and every allegation contained in Paragraph 8 of the Complaint except admit that CRUZ SANCHEZ VALLADARES worked as an independent contractor for the Corporate Defendants between April, 2019 and March, 2021.

9. Defendants deny each and every allegation contained in Paragraph 9 of the Complaint except admit that ALEX ALFARO SEBEDA worked as an independent contractor for the Corporate Defendants between December, 2019 and March, 2021.

10. Defendants deny each and every allegation contained in Paragraph 10 of the Complaint except admit that CESAR DANILO MARTINEZ worked as an independent contractor for Huge and Meiqiao between November, 2019 and March, 2021.

11. Defendants deny each and every allegation contained in Paragraph 11 of the Complaint except admit that DELMER JOEL GUIF ARRO worked as an independent contractor for Huge between November, 2019 and July, 2020.

12. Defendants deny each and every allegation contained in Paragraph 12 of the

Complaint except admit that ISMAEL MATUTE worked as an independent contractor for Huge between December, 2019 and August, 2020.

13. Defendants deny each and every allegation contained in Paragraph 13 of the Complaint except admit that JOSE RAMIREZ SANCHEZ worked as an independent contractor for the Corporate Defendants between November, 2019 and March, 2021.

14. Defendants deny each and every allegation contained in Paragraph 14 of the Complaint except admit Crosscity is a New York Company, having a principal place of business at 61-27 186th Street Fresh Meadows, NY 11365.

15. Defendants admit the allegations contain in Paragraph 15 of the Complaint.

16. Defendants admit the allegations contain in Paragraph 16 of the Complaint.

17. Defendants admit the allegations contain in Paragraph 17 of the Complaint.

18. Defendants admit the allegations contain in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contain in Paragraph 19 of the Complaint.

20. Defendants deny each and every allegation contained Paragraph 20 of the Complaint except admit that Hu is a director or officer of the Corporate Defendants.

21. Defendants deny each and every allegation contained Paragraph 21 of the Complaint except admit that Hu is a director or officer of the Corporate Defendants.

22. Defendants deny each and every allegation contained Paragraph 22 of the Complaint except admit that Hu is a director or officer of the Corporate Defendants.

23. Defendants deny each and every allegation contained Paragraph 23 of the Complaint except admit that Hu is a director or officer of the Corporate Defendants.

24. Defendants deny each and every allegation contained Paragraph 24 of the Complaint except admit that Hu is a director or officer of the Corporate Defendants.

25. Defendants deny each and every allegation contained Paragraph 25 of the Complaint.

26. Defendants deny each and every allegation contained Paragraph 26 of the Complaint.

## IN ANSWER TO FACTUAL ALLEGATIONS

27. Defendants deny each and every allegation contained in Paragraph 27 of the Complaint except admit that CRUZ SANCHEZ VALLADARES worked as an independent contractor for the Corporate Defendants between April, 2019 and March, 2021.

28. Defendants deny each and every allegation contained Paragraph 28 of the Complaint.

29. Defendants deny each and every allegation contained Paragraph 29 of the Complaint.

30. Defendants deny each and every allegation contained Paragraph 30 of the Complaint.

31. Defendants deny each and every allegation contained Paragraph 31 of the Complaint.

32. Defendants deny each and every allegation contained in Paragraph 32 of the Complaint except admit that ALEX ALFARO SEBEDA worked as an independent contractor for the Corporate Defendants between December, 2019 and March, 2021.

33. Defendants deny each and every allegation contained Paragraph 33 of the Complaint.

34. Defendants deny each and every allegation contained Paragraph 34 of the Complaint.

35. Defendants deny each and every allegation contained Paragraph 35 of the Complaint.

36. Defendants deny each and every allegation contained Paragraph 36 of the Complaint.

37. Defendants deny each and every allegation contained in Paragraph 37 of the Complaint except admit that CESAR DANILO MARTINEZ worked as an independent contractor for Huge and Meiqiao between November, 2019 and March, 2021.

38. Defendants deny each and every allegation contained Paragraph 38 of the Complaint.

39. Defendants deny each and every allegation contained Paragraph 39 of the Complaint.

40. Defendants deny each and every allegation contained Paragraph 40 of the Complaint.

41. Defendants deny each and every allegation contained Paragraph 41 of the Complaint.

42. Defendants deny each and every allegation contained in Paragraph 42 of the Complaint except admit that DELMER JOEL GUIF ARRO worked as an independent contractor for Huge between November, 2019 and July, 2020.

43. Defendants deny each and every allegation contained Paragraph 43 of the Complaint.

44. Defendants deny each and every allegation contained Paragraph 44 of the Complaint.

45. Defendants deny each and every allegation contained Paragraph 45 of the

Complaint.

46. Defendants deny each and every allegation contained Paragraph 46 of the Complaint.

47. Defendants deny each and every allegation contained in Paragraph 47 of the Complaint except admit that ISMAEL MATUTE worked as an independent contractor for Huge between December, 2019 and August, 2020.

48. Defendants deny each and every allegation contained Paragraph 48 of the Complaint.

49. Defendants deny each and every allegation contained Paragraph 49 of the Complaint.

50. Defendants deny each and every allegation contained Paragraph 50 of the Complaint.

51. Defendants deny each and every allegation contained Paragraph 51 of the Complaint.

52. Defendants deny each and every allegation contained in Paragraph 52 of the Complaint except admit that JOSE RAMIREZ SANCHEZ worked as an independent contractor for the Corporate Defendants between November, 2019 and March, 2021.

53. Defendants deny each and every allegation contained Paragraph 53 of the Complaint.

54. Defendants deny each and every allegation contained Paragraph 54 of the Complaint.

55. Defendants deny each and every allegation contained Paragraph 55 of the Complaint.

56. Defendants deny each and every allegation contained Paragraph 56 of the Complaint.

57. Defendants deny each and every allegation contained Paragraph 57 of the Complaint.

58. Defendants deny each and every allegation contained Paragraph 58 of the Complaint.

59. Defendants deny each and every allegation contained Paragraph 59 of the Complaint and as they are plaintiffs' requests to which no response is required.

## IN ANSWER TO COLLECTIVE ACTION ALLEGATIONS

60. Defendants deny each and every allegation contained Paragraph 60 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

61. Defendants deny each and every allegation contained Paragraph 61 of the Complaint.

62. Defendants deny each and every allegation contained Paragraph 62 of the Complaint.

63. Defendants deny each and every allegation contained Paragraph 63 of the Complaint.

64. Defendants deny each and every allegation contained Paragraph 64 of the Complaint.

65. Defendants deny each and every allegation contained Paragraph 65 of the Complaint.

66. Defendants deny each and every allegation contained Paragraph 66 of the Complaint.

67. Defendants deny each and every allegation contained Paragraph 67 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

68. Defendants deny each and every allegation contained Paragraph 68 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

69. Defendants deny each and every allegation contained Paragraph 69 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

70. Defendants deny each and every allegation contained Paragraph 70 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

71. Defendants deny each and every allegation contained Paragraph 71 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

**IN ANSWER TO FEDERAL RULE OF CIVIL
PROCEDURE RULE 23 CLASS ALLEGATIONS**

72. Defendants deny each and every allegation contained Paragraph 72 of the Complaint and respectfully refer the Court to the underlying rules for the precise and accurate interpretation.

73. Defendants deny each and every allegation contained Paragraph 73 of the Complaint and respectfully refer the Court to the underlying rules for the precise and accurate

interpretation.

74. Defendants deny each and every allegation contained Paragraph 74 of the Complaint and respectfully refer the Court to the underlying rules for the precise and accurate interpretation.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny each and every allegation contained Paragraph 78 of the Complaint and respectfully refer the Court to the underlying rules for the precise and accurate interpretation.

79. Defendants deny each and every allegation contained Paragraph 79 of the Complaint and respectfully refer the Court to the underlying rules for the precise and accurate interpretation.

### IN ANSWER TO THE FIRST CAUSE OF ACTION

80. Defendants deny each and every allegation contained Paragraph 80 of the Complaint as otherwise pleaded.

81. Defendants deny each and every allegation contained Paragraph 81 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

82. Defendants deny each and every allegation contained Paragraph 82 of the

Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

83. Defendants deny each and every allegation contained Paragraph 83 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

84. Defendants deny each and every allegation contained in Paragraph 84 of the Complaint as they constitute conclusions of law to which no response is required.

85. Defendants deny each and every allegation contained in Paragraph 85 of the Complaint as they constitute conclusions of law to which no response is required.

86. Defendants deny each and every allegation contained in Paragraph 86 of the Complaint as they constitute conclusions of law to which no response is required.

**IN ANSWER TO THE SECOND CAUSE OF ACTION**

87. Defendants deny each and every allegation contained Paragraph 87 of the Complaint as otherwise pleaded.

88. Defendants deny each and every allegation contained Paragraph 88 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

89. Defendants deny each and every allegation contained Paragraph 89 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

90. Defendants deny each and every allegation contained in Paragraph 90 of the Complaint as they constitute conclusions of law to which no response is required.

**IN ANSWER TO THE THIRD CAUSE OF ACTION**

91.   Defendants deny each and every allegation contained Paragraph 91 of the Complaint as otherwise pleaded.

92.   Defendants deny each and every allegation contained Paragraph 92 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

93.   Defendants deny each and every allegation contained in Paragraph 93 of the Complaint as they constitute conclusions of law to which no response is required.

## IN ANSWER TO THE FOURTH CAUSE OF ACTION

94.   Defendants deny each and every allegation contained Paragraph 94 of the Complaint as otherwise pleaded.

95.   Defendants deny each and every allegation contained Paragraph 95 of the Complaint and respectfully refer the Court to the underlying statutes for the precise and accurate interpretation.

96.   Defendants deny each and every allegation contained Paragraph 96 of the Complaint as they constitute conclusions of law to which no response is required.

## THE FIRST AFFIRMATIVE DEFENSE

1.   The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## THE SECOND AFFIRMATIVE DEFENSE

2.   Plaintiffs' claims are barred in whole or in part because Defendant has complied with all applicable statutes and regulations, including without limitation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the New York Labor Law ("NYLL") Article 19, §§

650 et seq.

### THE THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

### THE FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' claims are barred in whole or in part because Defendant had reasonable grounds to believe in good faith that it was not violating the FLSA or the NYLL.

### THE FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims are barred in whole or in part because Defendant's alleged violations or actions were not intentional or willful.

### THE SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' claims are barred in whole or in part because Plaintiffs were properly compensated pursuant to the NYLL, the FLSA, and applicable regulations, including but not limited to 29 C.F.R. §778.114 and 29 C.F.R. part 541.

### THE SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing and/or are not "similarly situated" to any of the putative class members.

### THE EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' claims are barred in whole or in part by the doctrines of laches, unclean hands, and avoidable consequences.

### THE NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs' claims are not suited for class or collective status, because Plaintiffs lack adequate class or collective action counsel.

### THE TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs' claims are not suited for class or collective status, because Plaintiffs cannot adequately represent the putative class or collective group.

### THE ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs are independent contractors.

### DEMAND FOR A JURY TRIAL

The answering Defendants demand a jury on all triable issues of fact pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**WHEREFORE,** the Defendants demand a judgment as follows:

1. Dismissing the Plaintiffs' Complaint with prejudice in its entirety;

2. Awarding Defendants' costs and disbursement and reasonable attorneys' fees; and

3. Granting such other and further relief as the Court may deem just and proper.

Dated: Queens, New York
November 15, 2021

*Respectfully submitted.*
KEVIN KERVENG TUNG, P.C.

/s/ *Kevin K. Tung*
Kevin K. Tung, Esq.
Ge Li, Esq.
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
718-939-4633